**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>The Clare at Water Tower,<br><br>            Debtor. | ) Chapter 11<br>)<br>) Case No. 11-46151<br>)<br>) Hon. Susan Pierson Sonderby<br>) **Hearing Date: [TBD]**<br>) **Objection Due: [TBD]** |

**MOTION OF THE DEBTOR FOR INTERIM AND FINAL ORDERS
(I) PROHIBITING UTILITY COMPANIES FROM ALTERING,
REFUSING OR DISCONTINUING SERVICE, (II) DEEMING THE
UTILITY COMPANIES ADEQUATELY ASSURED OF FUTURE
PERFORMANCE AND (III) ESTABLISHING PROCEDURES FOR
DETERMINING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE**

The Clare at Water Tower ("The Clare" or the "Debtor"), debtor and debtor in possession, by its proposed attorneys, hereby moves this Court, pursuant to sections 105(a) and 366 of title 11 of the United States Code (the "Bankruptcy Code"), for entry of interim and final orders (i) prohibiting utility companies (each, a "Utility Company" and collectively, the "Utility Companies") from altering, refusing, or discontinuing service, (ii) deeming the utility companies adequately assured of future performance and, (iii) establishing procedures for determining requests for additional adequate assurance (the "Motion"). In support of the Motion, the Debtor respectfully represents as follows:

**Jurisdiction**

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are Bankruptcy Code sections 105 and 363.

**Background**

3. On the date hereof (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. No trustee, examiner or creditors' committee has been appointed in this case.

4. The Debtor has continued in the possession of its property and has continued to operate and manage its business as a debtor in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

5. The factual background relating to the Debtor's commencement of this chapter 11 case and the facts and circumstances supporting the relief requested herein are set forth in greater detail in the Declaration of Judy Amiano in Support of Chapter 11 Petition and First Day Motions (the "Amiano Declaration") filed contemporaneously with this Motion and incorporated herein by reference.

**Relief Requested**

6. In connection with the operation of its business and management of its properties, the Debtor obtains services ("Utility Services") from various providers of Utility Services (each a "Utility Company" and, collectively, the "Utility Companies"). The Utility Companies are identified on Exhibit 1 to Exhibit A hereto. By this Motion, the Debtor seeks entry of interim and final orders (a) prohibiting the Utility Companies from altering or discontinuing service on account of unpaid prepetition invoices, (b) approving the Adequate Assurance Deposit (as defined below) as providing Utilities Companies with "adequate assurance of payment" under Bankruptcy Code section 366 and deeming all utilities entitled to such assurance of payment under Bankruptcy Code section 366 to have received adequate assurance of payment pursuant to section 366; and (c) approving the Additional Adequate Assurance Procedures (as defined

below) set forth below as the method for resolving disputes regarding adequate assurance of payment. The Debtor requests the immediate entry of an interim order, to be followed by a final hearing (the "Final Hearing"), if necessary, to be held within thirty (30) days of the Petition Date, and entry of the Final Order at the conclusion of the Final Hearing.

### Basis for Relief

7.      On average, prior to the Petition Date, the Debtor spent approximately $105,000 each month on utility costs. Although the Debtor generally timely pays its utility bills, due to the timing of the filings in relationship to the Utility Companies' billing cycles, some utility costs may have been invoiced to the Debtor for which payment is not yet due, and there may also be some outstanding invoices that have not been paid. In addition, the Debtor has incurred utility costs for services provided since the end of the last billing cycle that have not been invoiced to the Debtor.

8.      The continued services provided by the Utility Companies are necessary to preserve the value of the Debtor's business, particularly, where as here, the Debtor is exploring a restructuring, sale or other business alternatives. By this Motion, the Debtor preserves the protections that the Utility Companies have under the Bankruptcy Code, while affording the Debtor an opportunity to provide and negotiate adequate protection without facing the threat of imminent termination of Utility Services. In particular, the Debtor requests approval of certain procedures that balance the protections afforded the Utility Companies under Bankruptcy Code section 366 and the Debtor's need for continuous and uninterrupted Utility Services.

A.      **The Proposed Adequate Assurance.**

9.      The Debtor intends to pay all postpetition obligations owed to the Utility Companies in a timely manner. Nevertheless, to provide additional assurance of payment for

future services to the Utility Companies, the Debtor will deposit $105,000, approximately equal to the Debtor's estimated cost of its monthly Utility Services, into a newly created, segregated, interest-bearing account, within twenty (20) business days after the Petition Date (the "Adequate Assurance Deposit").  The Adequate Assurance Deposit shall be maintained with a minimum balance equal to the Debtor's estimated monthly cost of Utility Services, which may be adjusted by the Debtor to account for the termination of Utility Services by the Debtor or other arrangements with respect to adequate assurance of payment reached with a Utility Company.

10.    To the extent the Debtor becomes delinquent with respect to a Utility Company's account, such Utility Company shall file a notice of such delinquency (the "Delinquency Notice") with the Court and serve such notice on (a) the Debtor, (b) counsel to the Debtor, (c) counsel to the official committee of unsecured creditors, if one is appointed, and (d) the United States Trustee (collectively, the "Parties In Interest").  If the Debtor has not cured such delinquency or no Party In Interest has objected to the Delinquency Notice within ten (10) days of the receipt of the Delinquency Notice, then the Debtor shall remit to such Utility Company from the Adequate Assurance Deposit the lesser of: (i) the amount allocated in the Adequate Assurance Deposit for such Utility Company's account; and (ii) the amount of postpetition charges claimed as delinquent in the Delinquency Notice.

11.    The Debtor submits that the Adequate Assurance Deposit provides protection well in excess of that required to grant sufficient adequate assurance to the Utility Companies.

**B.    The Additional Adequate Assurance Request Procedures.**

12.    Notwithstanding the adequate assurance proposed herein, the Debtor anticipates that certain Utility Companies may not find the Adequate Assurance Deposit, coupled with the Debtor's ability to pay for future utility services in the ordinary course of business, "satisfactory"

and, thus, may request additional adequate assurance of payment pursuant to Bankruptcy Code section 366(c)(2). Accordingly, the Debtor proposes that such requests be addressed pursuant to the following procedures (the "Additional Adequate Assurance Procedures"):

(a)  In the event that a Utility Company maintains that the Adequate Assurance Deposit is not satisfactory adequate assurance of payment as contemplated by Bankruptcy Code section 366(c)(2), the Utility Company must serve a request (an "Additional Adequate Assurance Request") for adequate assurance on the Debtor and its counsel at the following addresses: The Clare at Water Tower, 55 East Pearson Street, Chicago, IL 60611 and DLA Piper LLP (US), 1251 Avenue of the Americas, New York, NY 10020 (Attn: George B. South III, Esq.), so that it is actually received within forty-five (45) days after a final order is entered granting the relief sought herein (the "Additional Adequate Assurance Request Deadline").

(b)  Any Additional Adequate Assurance Request must: (i) be made in writing, (ii) set forth the location for which Utility Services are provided, (iii) include a summary of the Debtor's payment history relevant to the affected accounts, including any security deposit, (iv) set forth what the Utility Company would accept as satisfactory adequate assurance of payment, and (v) provide a fax and electronic mail address to which the Debtor may respond to the Additional Adequate Assurance Request.

(c)  The Debtor shall have until forty-five (45) days after the Additional Adequate Assurance Request Deadline (the "Resolution Period") to negotiate with the Utility Companies that serve an Additional Adequate Assurance Request.

(d)  Without further order of the Court, the Debtor may enter into agreements granting additional adequate assurance to a Utility Provider serving a timely Additional Adequate Assurance Request if the Debtor, in its discretion, determines that the Additional Adequate Assurance Request is reasonable or if the parties negotiate alternate consensual provisions.

(e)  If the Debtor determines that an Additional Adequate Assurance Request is unreasonable and is not able to reach an alternative resolution with the Utility Company during the Resolution Period, the Debtor, during or immediately after the Resolution Period, will request a hearing before the Court to determine the adequacy of assurance of payment with respect to a particular Utility Company, pursuant to Bankruptcy Code section 366(c)(3) (the "Determination Hearing").

(f)  Pending resolution of any such Determination Hearing, the Utility Company shall be prohibited from altering, refusing, or discontinuing services to

the Debtor on account of unpaid prepetition invoices or any objections to the Debtor's Adequate Assurance Deposit, or due to the commencement of this case.

(g)    Any Utility Company that does not serve an Additional Adequate Assurance Request by the Additional Adequate Assurance Request Deadline shall be deemed to have received adequate assurance of payment that is satisfactory to such Utility Company within the meaning of Bankruptcy Code section 366(c)(2).

13.    The Debtor seeks authority, in its sole discretion, to amend Exhibit 1 to Exhibit A attached hereto to add or delete any Utility Company. To the extent that the Debtor subsequently identifies additional providers of Utility Services, the Debtor proposes to have the terms of the Order apply to any such subsequently identified Utility Company. The Debtor will serve a copy of this Motion and the Order approving the Motion on such subsequently identified Utility Company, along with an amended Exhibit 1 listing such Utility Company. Such Utility Company would then have thirty (30) days from service of the Motion and order to make an Additional Adequate Assurance Request.

14.    In the event that any Utility Company, including a subsequently added Utility Company, files and/or serves an Additional Adequate Assurance Request after the Additional Adequate Assurance Request Deadline, or, if applicable, the subsequent deadline proposed above, such request shall be treated as a request under Bankruptcy Code section 366(c)(3) and shall be granted, if at all, only after the Utility Company making such request schedules such request for hearing, on notice, in accordance with the provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

15.    The Debtor maintains that the relief requested herein strikes a fair balance between the rights of the Utility Companies and the rights of the Debtor under the Bankruptcy Code and the need for the Debtor to continue to receive, for the benefit of its estate, the Utility Services upon which their businesses and operations depend. The Debtor does not believe that the Utility Companies will be prejudiced by the proposed Adequate Assurance Deposit, the

uninterrupted continuation of the Utility Services, and the approval of the Additional Adequate Assurance Procedures.

16.     The Debtor requests a Final Hearing on this Motion, if necessary, to be held within thirty (30) days of the Petition Date to ensure that, if a Utility Company argues it can unilaterally refuse service to the Debtor on the thirty-first (31st) day after the Petition Date, the Debtor will have the opportunity, to the extent necessary, to request that the Court make such modifications to the Additional Adequate Assurance Procedures in time to avoid any potential termination of utility service.

**C.     Applicable Authority.**

17.     Section 366 of the Bankruptcy Code provides as follows:

> (a)     Except as provided in subsections (b) and (c) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtors solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due.
>
> (b)     Such utility may alter, refuse, or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for service after such date.  On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of a deposit or other security necessary to provide adequate assurance of payment.

11 U.S.C. § 366.

18.     Following the 20-day period after the Petition Date, Bankruptcy Code section 366 contemplates that the Utility Companies may discontinue service to the Debtor if the Debtor does not provide adequate assurance of payment of their post-Petition Date obligations.  An interruption of any Utility Services in this case would significantly impair the Debtor's ability to manage its business and provide for the well-being of its residents.

19. Pursuant to Bankruptcy Code section 366(c)(1)(A), the term "assurance of payment" means: "(i) a cash deposit; (ii) a letter of credit; (iii) a certificate of deposit; (iv) a surety bond; (v) a prepayment of utility consumption; and (vi) another form of security that is mutually agreed on between the utility and the debtor or the trustee." 11 U.S.C. § 366(c)(1)(A).

20. The Utility Companies do not have unfettered rights to demand assurance of payment beyond what the Court ultimately determines is reasonable. To the contrary, Bankruptcy Code section 366(c)(3) specifically preserves the Court's ability to review (and modify if appropriate) assurance of payment demands made by a Utility Company.

21. Bankruptcy Code section 105(a) permits the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Bankruptcy Code sections 366(b) and (c)(3) expressly empower the Court to review, and if necessary alter, demands for adequate assurance by Utility Companies. Bankruptcy courts, thus, have the exclusive responsibility for determining what constitutes adequate assurance for payment of utility charges after the date of the filing of the petition, and are not bound by local or state regulations. In re Adelphia Bus. Solutions, Inc., 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002).

22. "Adequate assurance" is not synonymous with "adequate protection." In determining adequate assurance, the Court is not required to give the Utility Companies the equivalent of a guaranty of payment after the entry of the order for relief, but must only determine that the utility is not subject to an unreasonable risk of nonpayment for services rendered after the filing of the petition. Adelphia Bus. Solutions, 280 B.R. at 80; In re Caldor, Inc., 199 B.R. 1, 3 (S.D.N.Y. 1996); In re Santa Clara Circuits West, Inc., 27 B.R. 680, 685 (Bankr. D. Utah 1982); In re George C Frye Co., 7 B.R. 856, 858 (Bankr. D. Me. 1980).

Whether a utility is subject to an unreasonable risk of nonpayment must be determined from the facts and circumstances of each case.  Adelphia Bus. Solutions, 280 B.R. at 80.

23.     The Debtor's Proposed Adequate Assurance for post-Petition Date Utility Services is in keeping with the intent of section 366 of the Bankruptcy Code, is not prejudicial to the rights of any Utility Company, and is in the best interest of the Debtor's estate.  Although the Debtor believes that the Proposed Adequate Assurance constitutes adequate assurance of future payment under section 366 of the Bankruptcy Code, the Debtor's Adequate Assurance Procedures for processing Additional Assurance Requests afford any Utility Company requesting additional adequate assurance a reasonable mechanism by which to make such a request to the extent a Utility Company rejects the Proposed Adequate Assurance.

24.     Adequate assurance procedures similar to those requested herein have been approved by bankruptcy courts in this district and in other large chapter 11 cases.  See, e.g., In re Perpetua-Burr Oak Holdings of Illinois, L.L.C, Case No. 09-34022 (Bankr. N.D. Ill. Sept. 24, 2009); In re XMH Corp. l f/k/a Hartmarx Corp., Case No. 09-02046 (BWB) (Bankr. N.D. Ill. Jan. 26, 2009); In re Millcreek Broad., L.L.C., Case No. 07-03121 (JPC) (Bankr. N.D. Ill. May 15, 2007) (approving adequate assurance equal to two weeks of utility service and similar adequate assurance and opt-out procedures); In re Enesco Grp., Inc., Case No. 07-0565 (ABG) (Bankr. N.D. Ill. Feb. 7, 2007); In re Calpine Corp., Case No. 05-60200 (BRL) (Bankr. S.D.N.Y. Dec. 20, 2005) (same); In re Refco, Inc., Case No. 05-60006 (RDD) (Bankr. S.D.N.Y Nov. 9, 2005) (approving adequate assurance equal to two weeks of utility service).

25.     To successfully implement the foregoing, to the extent that any aspect of the relief sought herein constitutes a use of property under Bankruptcy Code section 363(b), the Debtor

EAST\47045698.2                                10

seeks a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the ten-day stay under Bankruptcy Rule 6004(h).

## Notice

26.     Notice of the Motion has been given to (a) the Office of the United States Trustee for the Northern District of Illinois, (b) counsel for Bank of America, N.A., as letter of credit provider, (c) counsel for Bank of New York Mellon Trust Company, N.A., the indenture trustee, and (d) each of the Debtor's twenty (20) largest creditors. In light of the nature of relief requested, the Debtor submits that no further notice is required.

## Conclusion

WHEREFORE, based upon the foregoing, the Debtor respectfully requests that the Court enter an Interim and Final Order (i) prohibiting the Utility Companies from altering or discontinuing service on account of prepetition invoices, (ii) approving the adequate assurance of postpetition payment to be provided to the Utility Companies through the establishment of the Adequate Assurance Deposit, (iii) establishing procedures for resolving any subsequent requests by the Utility Companies for additional adequate assurance of payment; and (iv) granting the Debtor such other and further relief as is just and proper.

Dated: November 15, 2011
Chicago, Illinois

/s/ *Matthew M. Murphy*
Matthew M. Murphy (ARDC No. 06208157)
DLA PIPER LLP (US)
203 North LaSalle Street, Suite 1900
Chicago, Illinois 60601
Telephone: (312) 368-4000
Facsimile: (312) 236-7516

Thomas R. Califano, NY Bar No. 2286144
George B. South, NY Bar No. 2446771
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, New York 10020-1104
Telephone: (212) 335-4500
Facsimile: (212) 335-4501

*Proposed Attorneys for The Clare at Water Tower Debtor and Debtor in Possession*